ANNA M. PETERS ET AL., Respondents, *v.* WILLIAM A. CLENDENIN, ADMINISTRATOR, Appellant.

October 31, 1882.

1. The annual settlement of an administrator cannot be corrected in the circuit court on appeal from an order of distribution.

2. An administrator is bound by the terms of his annual settlement, until it shall have been corrected in the probate court in a proper proceeding.

3. Damages awarded on the affirmance of a judgment against an estate, are not a personal charge against the administrator unless made so by the appellate or the probate court.

4. In making an order of distribution, on an annual settlement, the fund in the hands of the administrator should not be exhausted.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Reversed, and judgment.*

E. B. SHERZER, for the appellant.

HITCHCOCK, LUBKE & PLAYER and HUGO MUENCH, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The defendant is administrator of the estate of Anna M. Peters, deceased. The probate court made an order that he pay a dividend of forty-five per cent on all claims allowed against the estate in the fifth class. The circuit court affirmed this order, on his appeal.

It appeared that the administrator's last annual settlement, before the making of the order, showed a balance in his hands, due the estate, of $15,969.21. The allowances standing against the estate were: In the first and second classes, a total of $1,560; in the fifth class, a total of $30,-235.18. On the hearing in the circuit court, the administrator offered to prove that the balance appearing against him by his settlement was incorrect; that sundry sums of interest computed on claims long after he had paid them, were erroneously included in the charges against him, and that he was entitled, on other accounts, at the time of the settlement and ever since, to considerable credits which had been omitted, and which should be taken to reduce the balance against him, and the dividend to be paid. The court refused to hear this testimony, and held that, for the purposes of this order, the administrator was bound by the terms of his settlement.

An annual settlement is not, like the final settlement, conclusive of the administrator's financial relations with the estate. While the administration remains open, the annual settlements are but pauses or rests, in the whole accounting which, in contemplation of law, is continuous, until closed by the final settlement. It follows that, until such a closing, the account may be corrected or modified from time to time, so as to conform to the true condition of affairs. But this correcting or modifying must be done by the same authority that makes the account: by the administrator and the court, or by the court in an exercise of its superior authority. To say that, in another forum, or in a different proceeding in the same forum, the relations established by the settlement may be disregarded or modified for collateral purposes, would be to upset all the authority of the probate proceedings, and make the settlement mere waste paper. That document, sanctioned and affirmed by a court having plenary jurisdiction to that effect, stands as the deliberate admission under oath of the administrator, and cannot be questioned or denied by him, otherwise than in the forum where it originated and in the continuous process of accounting, whereof it is an interlocutory feature. The circuit court did right in refusing the testimony offered.

But we are not altogether satisfied with the order, as made upon the basis of the settlement. The cases are extremely rare, if there are any at all, in which, before the final settlement, an order to pay dividends should be so made as to exhaust the fund in the administrator's hands. A margin should be left for later expenses of administration, and other contingencies. It appears in this case that, on two of the allowances in the fifth class, amounting to $17,410.86, the supreme court, on the administrator's appeal, added six per cent damages to the amounts of the claims, as originally allowed. It does not appear that these damages were ever, by the judgment of the supreme court,

or by any proceeding in the probate court or elsewhere, made a personal charge against the administrator. They appear as a part of the supreme court's judgment between the parties before it, — to wit, the claimants and the estate, as represented by the administrator, — and must, therefore, be here taken as an increase, by so much, of the allowances themselves. It also appears that another allowance of $8,680.14 is now pending in the supreme court, and that the questions there involved are identical with those in the other cases. We may fairly presume that a like judgment will be rendered upon this claim. It is admitted in the record that, excepting the sum of $30, the administrator has received no credit for his commission allowed by law. This, as an expense of administration, should be included in the marginal reserve.

The proper method for determining the percentage of dividend to be paid on allowances in the fifth class would seem to be to first set apart from the amount in the administrator's hands a sum sufficient to satisfy the claims allowed in the first and second classes and the expenses of administration, with an additional sum to meet reasonably probable contingencies in the further performance of the administrator's duties. Then, upon what remains in his hands, ascertain its percentage of the whole amount of the fifth-class claims, including the extra damages assessed and likely to be assessed by the supreme court. In this computation, principal sums only are to be considered on both sides of the account. Interest has been accumulating from the date of the settlement on the balance in the administrator's hands. The claimants are entitled to the benefit of this; and, therefore, interest at six per cent per annum on the amount of each dividend from March 11, 1881, until the time of payment, will be added in the liquidation. Interest on the first and second class claims up to the same date, should be included in the marginal reserve — the later

interest on them being provided for as above indicated. The dates of these allowances do not appear in the record. We can, therefore, only approximate, by supposing them to be coeval with the other allowances.

Proceeding, then, to render such a judgment here as ought to have been rendered in the court below, we find the account to stand thus : —

| | | |
|---|---:|---:|
| Amount of allowances in fifth class . . . . . . | $30,235 | 18 |
| Damages on $26,091, added by supreme court . . | 1,565 | 46 |
| Whole amount for dividend . . . . . . . | $31,800 | 64 |
| Balance in administrator's hands . . . . . . | 15,969 | 21 |
| Reserve for first and second class claims, $1,560 00 | | |
| Reserve interest four years to March 11, 1881 . . . . . . . . . . . . 374 40 | | |
| Total . . . . . . . . . . .$1,934 40 | | |
| Administrator's commission, five per cent on $15,969 21, less $30 . . . . . 764 46 | | |
| Contingent . . . . . . . . . . . 229 09 — | 2,930 | 95 |
| Balance for distribution . . . . . . . . | 13,038 | 26 |
| Dividend, forty-one per cent on $31,800 64, equals . | 13,038 | 26 |

The judgment of the circuit court will therefore be reversed, and an order will be entered here directing the defendant administrator to pay a dividend of forty-one per cent on claims allowed in the fifth class, with interest at six per cent per annum on the amount of each dividend, respectively, from March 11, 1881, until the payment thereof. All the judges concur.